IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN JAMES LAURIA, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 22-486 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 18 |
| C.O. LIEB; C.O. CARR; C.O. FORSICKA; | ) |
| and ALLEGHENY COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Christian James Lauria ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale") brings this action arising out of allegations that officials at the Allegheny County Jail used excessive force and denied him medical care in violation of his Eighth Amendment rights. ECF No. 5.

Presently before the Court is Defendants' Motion to Dismiss. ECF No. 18. For the reasons that follow, the Motion to Dismiss is granted in part and denied in part.[1]

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action by submitting a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), together with a proposed Complaint. ECF No. 1. The Court granted Plaintiff's IFP Motion on March 30, 2022, and his Complaint was filed on the same date. ECF Nos. 4 and 5.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 2 and 29.

### A. Plaintiff's Complaint

In his Complaint, Plaintiff brings Eighth Amendment claims against Defendants Allegheny County Jail and Corrections Officers Lieb, Carr and Forsicka. Plaintiff alleges that Lieb, Carr and Forsicka assaulted him in the intake shower area of Allegheny County Jail on March 18, 2021. Specifically, he claims that Forsicka and Carr twice "punched [him] unconscious," and that Lieb held Plaintiff down with the sole of his boot on Plaintiff's face. While still unconscious, he was tased.

After the assault, Plaintiff was placed in a restraint chair in nothing but soiled underwear for eleven hours. He requested medical assistance on multiple occasions for his fractured eye, but an intake nurse did nothing but "look[] from afar and [say] he can't do anything for me." Plaintiff told multiple staff members over the course of five days that he "had something wrong with [his] eye and face." At some point after five days of requesting medical care, he was eventually taken to the hospital and diagnosed with an orbital floor fracture. This injury required surgery and the implantation of mesh under Plaintiff's eye. ECF No. 5 at 4-6.

### B. Defendants' Motion to Dismiss

Defendants filed this Motion to Dismiss and Brief in Support on August 30, 2022. ECF Nos. 18 and 19. In support of the Motion to Dismiss, Defendants argue that Plaintiff fails to state a claim for excessive force under the Eighth Amendment because he doesn't describe what led to alleged use of force. ECF No. 19 at 3. If he had, Defendants argue, those allegations might have shown their admittedly "substantial" use of force was justified. Id. at 3-4. Defendants also contend that the use of a restraint chair for eleven hours was not objectively unreasonable, and that it is not clear whether Defendants were personally involved in keeping Plaintiff in this chair. Id. at 4-5.

As for Plaintiff's Eighth Amendment claim arising out of failure to provide medical care, Defendants argue that that Plaintiff fails to state a claim because Defendants were not personally involved in his medical care in their role as corrections officers, and he was allegedly seen by a nurse while he was restrained in the chair. Id. at 8-9.

Finally, Defendants argue that the Allegheny County Jail should be dismissed because it is not a "person" capable of being sued under 42 U.S.C. § 1983. Id. at 9.

### C. Plaintiff's Response to Defendants' Motion to Dismiss

The Court ordered Plaintiff to file a response to Defendants' Motion to Dismiss by September 30, 2022. ECF No. 20.

On September 22, 2022, Plaintiff filed a one-page document titled "claim for which relief can be granted," which did not clearly purport to be either a response to the Motion to Dismiss or an amended pleading. ECF No. 22. Plaintiff then requested, and the Court granted, an extension of time to respond until November 30, 2022. ECF Nos. 23 and 25.

When Plaintiff did not file anything further by November 30, 2022, the Court issued an Order to Show Cause directing Plaintiff to show good cause, by December 28, 2022, as to why Defendants' Motion to Dismiss should not be granted based on his failure to respond. ECF No. 30. He did not file a response to the Order to Show Cause.

On January 24, 2023, the Court issued an Order noting that in consideration of this procedural history and Plaintiff's *pro se* status, it was not clear to the Court "whether Plaintiff opposes the dismissal of this action, and if he intended to the document titled 'claim for which relief can be granted' to serve as a response to the Motion to Dismiss." ECF No. 33 at 2. The Court directed Plaintiff to complete and return an enclosed notice form ("Notice Form") by February 14, 2023, which instructed him to select one of three options: (1) the document titled

3

"claim for which relief can be granted" was his response to the Motion to Dismiss; (2) he would file a response to the Motion to Dismiss by February 21, 2023, or (3) he does not oppose the dismissal of his claims. Id. at 2-3. The Court advised Plaintiff "that failure to comply with this Order may result in the dismissal of this action." Id. at 2.

Plaintiff subsequently filed his completed Notice Form, indicating that he intended to file a response to the Motion to Dismiss by February 21, 2023. ECF No. 34-1 at 2. Enclosed with this filing, he included a Response to the Motion to Dismiss, arguing that it should be denied because Defendants acted under color of law and were required to comply with laws, regulations, and policies. ECF No. 34 at 1. Plaintiff also included a letter explaining that his legal mail has been delayed, and that an attorney informed him that he would represent him but has since "disappear[ed]."[2] ECF No. 34-1 at 1.

The Motion to Dismiss is now ripe for consideration.

## II. LEGAL STANDARD

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right

---

[2] The Court has contacted the attorney identified in Plaintiff's response to confirm whether he is representing Plaintiff. According to the attorney, he is not representing Plaintiff and informed him of this in September 2022.

4

to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner . . . may be inartfully drawn and should . . . be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility: "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences where it is appropriate.

### III. DISCUSSION

#### A. Eighth Amendment Excessive Force Claim

Defendants move to dismiss Plaintiff's Eighth Amendment claim based on use of excessive force. The Eighth Amendment prohibits prison officials from using excessive force against prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Brooks v. Kyler, 204 F.3d 102, 105 (3d Cir. 2000). In determining whether excessive force was used, the pivotal inquiry is whether "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002) (citing Brooks, 294 F.3d at 106, quoting Hudson v. McMillian, 503 U.S. 1 (1992)); see also Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). Several factors guide this analysis, including: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted: (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." Smith, 293 F.3d at 649 (citations omitted).

Upon review, Plaintiff's allegations that Defendants twice beat him until he became unconscious, physically restrained him by placing the sole of a boot on his face, tased him while he was unconscious (and thus posed no threat) and caused serious injuries, including a broken

orbital floor bone that required surgery, plausibly state a claim for use of excessive force under the Eighth Amendment. Accordingly, the Motion to Dismiss Plaintiff's Eighth Amendment excessive force claim is denied.

### B. Insufficient Medical Care

Defendants also move to dismiss Plaintiff's Eighth Amendment claim arising out of the alleged failure to provide medical care. "The Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs." Pakalovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). As the United States Supreme Court has held, prison officials violate the Eighth Amendment when they act deliberately indifferent to an inmate's serious medical needs by "intentionally denying or delaying access to medical care or interfering with treatment once prescribed." Estelle, 429 U.S. at 104-05.

At this preliminary stage, Plaintiff sufficiently pleads a claim for deliberate indifference to his serious medical needs. There is no dispute that he had a serious medical need as a result of the alleged physical assault. Construing Plaintiff's *pro se* Complaint liberally, he plausibly claims that Defendants were deliberately indifferent to his serious medical need when he was placed in a restraint chair for 11 hours and his multiple requests for a medical examination and care were denied. ECF No. 5 at 5. He did not receive medical care for his fractured orbital floor bone for 5 days.[3] Fact discovery may address the role of each of the Defendants in the denial of an examination and care. Accordingly, the Motion to Dismiss is denied as to Plaintiff's Eighth Amendment claim based on failure to provide medical care.

---

[3] While Plaintiff refers to an interaction with an intake nurse, he claims that she did not examine him or provide any medical care.

7

### C. Defendant Allegheny County Jail

Finally, Defendants move to dismiss Plaintiff's claims against Defendant Allegheny County Jail. Upon review, the Court agrees that Plaintiff fails to state a claim against Defendant Allegheny County Jail. It is well-established that a jail or prison is not a "person" that is subject to suit under 42 U.S.C. § 1983. Griffin v. Allegheny Cnty. Prison, No. 17-1560, 2018 WL 6413156, at *3 (W.D. Pa. Nov. 5, 2018) (collecting cases). Accordingly, the Court grants the Motion to Dismiss as to Plaintiff's claims against Defendant Allegheny County Jail.

## IV. CONCLUSION

For these reasons, the Motion to Dismiss is granted in part and denied in part. The Motion to Dismiss is granted only as to Plaintiff's claims against Defendant Allegheny County Jail, and it is denied in all other respects. An appropriate Order will be entered.

DATED: February 23, 2023

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  Christian James Lauria
     KC6631
     SCI Houtzdale
     P.O. Box 1000
     29 Institution Drive
     Houtzdale, PA 16698-1000

     All counsel of record via CM/ECF.